UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

AMY MATTHEWS

    Plaintiff,

V.     CIVIL ACTION NO

MIDLAND CREDIT MANAGEMENT INC.

Defendant.     APRIL 30, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k

3. Plaintiff is a natural person who resides in Pasadena, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and MCDCA.

6. Defendant is a licensed collection agency by the Maryland Department of Labor and Licensing.

7. Defendant has a place of business at 8875 AERO DRIVE, SUITE 200 SAN DIEGO, CA 92123.

8. Defendant communicated with Plaintiff and others, on and after January 1, 2010

in connection with collection efforts with regard to Plaintiff's disputed personal debt to Midland Funding LLC.

9. Plaintiff advised Defendant through their collection agency, that she disputes the alleged debt.

10. Defendant advised the Plaintiff that her dispute was not legitimate and did not meet the criteria of disputes under the FDCPA.

11. Defendant's statements that my clients dispute was not legitimate is false, deceptive and misleading and in violation of §1692e.

12. Defendants statements that my clients dispute did not meet the criteria of valid disputes violates the FDCPA, as the FDCPA has no criteria for valid or invalid disputes and such statements are false, deceptive and misleading and violate §1692e.

13. Defendant through their collection agent advised the Plaintiff that his dispute must be in writing was false, deceptive and misleading and in violation of §1692e.

14. Defendant advised the Plaintiff, that her dispute was required to be in writing in violation §1692g.

15. Defendant advised Plaintiff her dispute must be put in writing and that he could not orally dispute this debt, in violation of 1692g and e.

16. Defendant failed to provide notice pursuant to 1692e (11) in the communication defendant had with the Plaintiff.

17. Defendant has inadequate procedures in place to avoid such errors.

18. Defendant called the Plaintiff using an auto dialer.

19. Defendant called the Plaintiff's home, disguising their number from the caller identification, so as to hide their identity.

20. Plaintiff answered the call and a collection agent who identified himself as a collection agent who worked for Midland Credit Management.

21. Defendant asked if a John Matthews was available.

22. Plaintiff advised the Defendant that they were calling the wrong number and wrong number not to call back again.

23. Defendant despite being advised they were calling the wrong number **and** house, called the Plaintiff's home the following day using an auto-dialer.

24. Plaintiff picked up the ringing phone and advised the caller, who identified himself as a collection agent working for Midland Credit Management, that she had advised Midland, not to call her home, that Midland was calling the wrong house and the person Midland was trying to collect from was not the Plaintiff.

25. In the collection efforts, the defendant violated the FDCPA; inter alia, section 1692 e and g.

SECOND COUNT

26. The allegations of the First Count are repeated and realleged as if fully set forth herein.

27. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA"); Md. Ann. Code <u>Business Regulation</u> Collection Agencies § 7-301 et seq.

28. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff statutory damages pursuant to the MCDCA.

3. Award the Plaintiff costs of suit and a reasonable attorney's fee;

4. Award and such other and further relief as this Court may provide.

        THE PLAINTIFF

        BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com